Wernick, J.
After hearing, consideration of the affidavits, memoranda, and supplemental memoranda, the court DENIES plaintiffs motion for preliminary injunction. The court concludes that the more appropriate forum for litigation of the issues raised by plaintiffs complaint and by this motion for preliminary injunction is the housing court, in the context of the summary process action currently pending between these parties in that court. The housing court has jurisdiction over this dispute, because Angelica Feraco’s right to possession and title are at issue in the summary process action and because counterclaims for intentional infliction of emotional distress and breach of the alleged oral contract conveying a life estate to Mary Feraco may also be asserted in the summary process action. Mulvanity v. Pelletier, 40 Mass.App.Ct. 106 (1996). Since the housing court has jurisdiction over this dispute within the summary process action pending before the housing court, stay of the housing court’s judgment to permit litigation of these issues is more properly addressed to the housing court.
Denial of plaintiffs motion is without prejudice to plaintiffs renewing the motion, if, contrary to this court’s conclusion, the housing court concludes that it does not have jurisdiction under chapter 239, Sections 1 and 2, to litigate the issue of whether Mary Feraco has a right to possession and/or legal title superior to that of Angela Feraco.